# Supreme Court of Florida

_____

No. SC19-884
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.120 AND 9.210.**

December 3, 2020

PER CURIAM.

The Court has for consideration the supplemental report of The Florida Bar's Appellate Court Rules Committee (Committee) proposing amendments to Florida Rules of Appellate Procedure 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal) and 9.210 (Briefs). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

Previously, in *In re Amendments to Florida Rules of Appellate Procedure 9.120 & 9.210*, 284 So. 3d 967 (Fla. 2019), the Court adopted, with modifications, amendments to rules 9.120 and 9.210 that establish a procedure for respondents to identify cross-review issues in discretionary review cases through the service of a "notice of cross-review." The Court made the following modifications to the amendments:

A new subdivision (f) titled "Notices of Cross-Review" is added to rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal). The new subdivision as proposed by the Committee would have required a respondent who intends to raise cross-review issues in a discretionary review case to serve a notice of cross-review within fifteen days of the rendition of this Court's order accepting jurisdiction. However, we have modified new subdivision (f) of the rule to require a notice of cross-review to be served within five days of the service of a timely filed notice to invoke the Court's discretionary jurisdiction. We also have added a requirement that the notice identify the issue(s) the respondent intends to raise on cross-review. We modified the new subdivision because we agree with the Committee's observation in the report that a notice of cross-review filed at the jurisdiction determination stage of a discretionary review case would be beneficial to the Court in deciding whether it should accept jurisdiction in a case in which a basis exists for the Court to exercise its discretionary jurisdiction.

*Id.* at 967.

Following the issuance of *In re Amendments to Florida Rules of Appellate Procedure 9.120 & 9.210*, the Committee moved for rehearing, contending that the Court's modifications place respondents "in a quagmire . . . by having to decide whether to raise cross-review issues before they know the particular jurisdictional basis and issues petitioners intend to raise and having to do so within just five days of the notice to invoke." The Committee also claimed that the five-day period in which to file a notice of cross-review placed respondents at a significant disadvantage when a notice to invoke is filed quickly after issuance of a district court decision, and placed petitioners at a disadvantage in preparing a jurisdictional brief, as they will be unaware of whether any cross-review issues exist until nearly

half of the ten-day period in rule 9.120(d) to file a jurisdictional brief has expired. The Court granted the Committee's motion, postponed the effective date of the amendments, and directed the Committee to file a supplemental report addressing the modified rule amendments.

The Committee has now filed a supplemental report proposing amendments to rules 9.120 and 9.210 that dispense altogether with the requirement that a respondent serve a notice of cross-review. The proposed amendments require the parties to identify in a separate "statement of the issues" section of their jurisdictional briefs the issues they intend to raise that are independent of those upon which jurisdiction is sought. The Committee did not publish its proposals for comment prior to filing them with the Court. After the Committee filed its report, the Court published the proposals for comment; no comments were received.

Having considered the Committee's supplemental report, we hereby adopt the amendments to rules 9.120 and 9.210 as proposed by the Committee. The amendments to rule 9.120 delete references to the service of a notice of cross-review from subdivision (d) (Briefs on Jurisdiction), as well as language excluding certified questions of great public importance from the jurisdictional brief requirements. Rule 9.120(f) (Notices of Cross-Review) is replaced with a new subdivision titled "Additional Issues on Review or Cross-Review," under which a party who intends to raise issues in this Court independent of those upon which

jurisdiction is based is required to identify the issues in the statement of the issues section of his or her jurisdictional brief.

Rule 9.210(a) (Generally) is amended to permit the filing of a cross-reply brief in cases where a cross-appeal has been filed or a respondent identifies cross-review issues in his or her brief on jurisdiction. New subdivision (f), titled "Contents of Briefs on Jurisdiction," is added to rule 9.210. The new subdivision identifies the required contents of a jurisdictional brief. It also requires that the parties identify in the statement of issues section of their jurisdictional briefs the issues they intend to raise if review is granted that are independent of those upon which the Court's jurisdiction is invoked.

Accordingly, Florida Rules of Appellate Procedure 9.120 and 9.210 are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on January 1, 2021, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Stephanie Williams Ray, Chair, and Thomas D. Hall, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**Appendix**

**RULE 9.120.    DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a)-(c)**    [NO CHANGE]

**(d)    Briefs on Jurisdiction.** The petitioner's brief, <u>with the argument section</u> limited solely to the issue of the supreme court's jurisdiction<u>,</u> and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of the filing of the notice to invoke the court's discretionary jurisdiction ~~or the service of a notice of cross-review under subdivision (f) of this rule, if one is filed~~. The respondent's brief on jurisdiction shall be served within 30 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. ~~If jurisdiction is invoked under rule 9.030(a)(2)(A)(v) (certifications of questions of great public importance by the district courts of appeal to the supreme court), no briefs on jurisdiction shall be filed.~~

**(e)**    [NO CHANGE]

**(f)    ~~Notices of Cross-Review.~~** ~~Within 5 days of the service of a timely filed notice to invoke the court's discretionary jurisdiction, a respondent shall serve a notice of cross-review if the respondent intends to file a cross-initial brief raising any issues independent of those upon which the petitioner sought review. The notice shall identify the issue(s) the respondent intends to raise on cross-review.~~**Additional Issues on Review or Cross-Review.** <u>As specified in rule 9.210, if the petitioner or respondent intends to raise issues for review in the supreme court independent of those on which jurisdiction is based, the petitioner or respondent must identify those issues in the statement of the issues included in their brief on jurisdiction.</u>

**(g)**    [NO CHANGE]

**Committee Notes**

[NO CHANGE]

- 6 -

**RULE 9.210.      BRIEFS**

(a)      **Generally.** ~~In addition to briefs on jurisdiction under rule 9.120(d)~~<u>Unless otherwise ordered by the court</u>, the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, <u>and </u>a reply brief~~, and a cross-reply brief~~. <u>A cross-reply brief is permitted if a cross-appeal has been filed or if the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court.</u> All briefs required by these rules shall be prepared as follows:

(1)-(4)      [NO CHANGE]

(5)      The page limits for briefs shall be as follows:

(A)            [NO CHANGE]

(B)      Except as provided in subdivisions (a)(5)(C) and (a)(5)(D) of this rule, the initial and answer briefs shall not exceed 50 pages and the reply brief shall not exceed 15 pages. If a cross-appeal is filed or ~~a notice of cross-review is filed~~<u>the respondent identifies issues on cross-review in its brief on jurisdiction </u>in the supreme court, the appellee or respondent's answer/cross-initial brief shall not exceed 85 pages, and the appellant or petitioner's reply/cross-answer brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee or respondent's answer/cross-initial brief. Cross-reply briefs shall not exceed 15 pages.

(C)-(D)      [NO CHANGE]

(E)      The cover sheet, the tables of contents and citations, the certificates of service and compliance, and the signature block for the brief's author shall be excluded from the page limits in subdivisions (a)(5)(A)–(a)(5)(D). <u>For briefs on jurisdiction, the statement of the issues also shall be excluded from the page limit in subdivision (a)(5)(A). </u>All pages not excluded from the computation shall be consecutively numbered. The court may permit longer briefs.

(6)        [NO CHANGE]

**(b)**        [NO CHANGE]

**(c)    Contents of Answer Brief.** The answer brief shall be prepared in the same manner as the initial brief, provided that the statement of the case and of the facts may be omitted, if the corresponding section of the initial brief is deemed satisfactory. If a cross-appeal has been filed or ~~a notice of cross-review has been filed~~the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court, the answer brief shall include the issues presented in the cross-appeal or cross-review, and argument in support of those issues.

**(d)-(e)    [NO CHANGE]**

**(f)    <u>Contents of Briefs on Jurisdiction.</u>** <u>Briefs on jurisdiction, filed pursuant to rule 9.120, shall contain a statement of the issues, a statement of the case and facts, the argument, the conclusion, a table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, shall also include a certificate of compliance in the same manner as provided in subdivisions (a) and (b) of this rule. In the statement of the issues, petitioner shall identify any issues independent of those on which jurisdiction is invoked that petitioner intends to raise if the court grants review. Respondent, in its statement of the issues, shall clearly identify any affirmative issues, independent of those on which jurisdiction is invoked and independent of those raised by petitioner in its statement of the issues, that respondent intends to raise on cross-review if the court grants review.</u>

**<u>(g)</u>    Times for Service of Briefs.** The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within 30 days after service of the initial brief; the reply brief, if any, shall be served within 30 days after service of the answer brief; and the cross-reply brief, if any, shall be served within 30 days thereafter. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within 30 days after the last initial or answer brief was served.  If the last authorized initial or answer brief is not served, the responsive brief shall be served within 30 days after the last authorized initial or answer brief could have been timely served.

**(gh)  Citations.** Counsel are requested to use the uniform citation system prescribed by rule 9.800.

**Committee Notes**

**[NO CHANGE]**

**Court Commentary**

**[NO CHANGE]**